**Nos. 15-4030, 16-1308**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

ROQUETTE FRÈRES, S.A.,

*Appellant*,

v.

SOLAZYME, INC.,

*Appellee*.

On Appeal from the United States District Court
for the District of Delaware
The Honorable Sue L. Robinson

## AMENDED MOTION TO EXPEDITE APPEAL

| | |
|---|---|
| Daniel J. Thomasch | Kenneth J. Nachbar |
| Joseph Evall | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| GIBSON, DUNN & CRUTCHER LLP | 1201 N. Market Street, 16th Floor |
| 200 Park Avenue | P.O. Box 1347 |
| New York, NY 10166-0193 | Wilmington, DE 19899 |
| (212) 351-4000 | (302) 658-9200 |

*Counsel for Appellant
Roquette Frères, S.A.*

February 24, 2016

Pursuant to Third Circuit Local Appellate Rule 4.1, Appellant Roquette Frères, S.A. ("Roquette") respectfully moves to expedite this appeal for the exceptional reasons set forth below.

Counsel for Roquette and counsel for Solazyme, Inc. ("Solazyme") have conferred and have agreed to the following schedule:

Appellant's Opening Brief:  March 18, 2016

Appellee's Answering Brief:  April 29, 2016

Appellant's Reply Brief:  May 20, 2016

An expedited hearing is requested.

This appeal arises from the District Court's denial of Roquette's motion to vacate an arbitration award. Dkts. 153–55. The parties had entered into arbitration pursuant to an arbitration clause in their Joint Venture and Operating Agreement ("JVOA"). The JVOA governed the parties' rights and obligations with respect to their joint venture, Solazyme Roquette Nutritionals, LLC ("SRN"), which was created in order to develop and commercialize new food products made from microalgae. But the joint venture did not work out as planned. The parties agreed to dissolve SRN, but they could not agree on how to divide its intellectual property assets under the relevant provisions of the JVOA. The parties invoked the arbitration clause of the JVOA, and a panel of three arbitrators was constituted to determine whether, under the JVOA, those assets were to be assigned to Solazyme alone, Roquette alone, or to both Roquette and Solazyme. The arbitrators issued an Award on February 19, 2015, finding that SRN's intellectual property assets are the property of Solazyme alone, and also directing Roquette to assign certain of its intellectual property assets to Solazyme. Roquette disputes the panel's authority to reach this second question.

Before the panel issued its Award, Roquette commenced two actions against Solazyme in the United States District Court for the District of Delaware. Roquette sought declaratory judgments that the panel had exceeded its authority by failing to render a timely award and by purporting to reach issues beyond its jurisdiction. No. 14-1442-SLR, Dkt. 1; No. 15-125-SLR, Dkt. 1. After the panel issued its Award, Solazyme moved to confirm the Award, Dkts. 16–17, and Roquette moved to vacate the Award, Dkts. 52–53. The parties also asserted a number of other claims against each other. The District Court confirmed the Award in an order dated December 21, 2015, but did not reach those other claims, including claims for breach of contract and trade secret misappropriation. Dkts. 153–55. Roquette filed a timely Motion to Stay the District Court's Order, which the District Court granted, partly because it "recognize[d] that the language of the JVOA is susceptible to more than one meaning and that the Third Circuit may disagree with my interpretation of such even under the narrow scope of the Federal Arbitration Act." Dkt. 169 at 2 ("Stay Order").

As directed by the District Court in its Stay Order, Roquette filed a notice of appeal (docketed in this Court as No. 15-4030) and a motion to expedite the appeal. During a subsequent conference, the parties and the District Court agreed that the Third Circuit might find Roquette's appeal premature, as the District Court had not yet resolved the pending claims and counterclaims for breach of contract and misappropriation of trade secrets. *See Papotto v. Hartford Life & Accident Ins. Co.*, 731 F.3d 265, 269 (3d Cir. 2013) (explaining that a decision is not final and appealable for purposes of 28 U.S.C. § 1291 unless it ends the litigation on the merits and leaves nothing to be done but the execution of the judgment). Accordingly, the parties proposed an order certifying the District Court's denial of Roquette's motion to vacate the Award as final and appealable under Federal Rule of Civil Procedure 54(b). The District

2

Court entered that certification order on February 5, 2015. Dkt. 185 ("Certification Order").

The Certification Order directed Roquette to file a new notice of appeal, which Roquette has done. Dkt. 186. The appeals were consolidated on February 11, 2016. The Certification Order also directs Roquette to move once more for an expedited appeal. Dkt. 185 at 3. Roquette hereby so moves.

This case is worthy of expedited briefing and consideration because both parties have a strong interest in rapidly developing and commercializing some of the intellectual property at stake in this dispute, and they therefore wish to clarify their rights and obligations to one another as quickly as possible. Further, a condition of the District Court's Stay Order is that Roquette refrain from "pursuing any further commercialization of any technology arguably within the ambit of the arbitral decision, including the sale of products and the prosecution of patent applications." Dkt. 169 at 2–3. Because the Stay Order expressly bars certain activities during the pendency of this appeal, a swift resolution of this dispute is essential to provide Roquette much-needed clarity as to what technologies and products it may commercialize without running afoul of its obligations or of others' intellectual property rights.

    Respectfully submitted,

    */s/ Daniel J. Thomasch*
    GIBSON, DUNN & CRUTCHER LLP
    Daniel J. Thomasch
    Joseph Evall
    200 Park Avenue
    New York, NY 10166-0193
    (212) 351-4000
    DThomasch@gibsondunn.com
    JEvall@gibsondunn.com

        Kenneth J. Nachbar
        MORRIS, NICHOLS, ARSHT &
        TUNNELL LLP
        1201 N. Market Street, 16th Floor
        P.O. Box 1347
        Wilmington, DE 19899-1347
        (302) 658-9200
        knachbar@mnat.com
        *Counsel for Appellant Roquette Frères, S.A.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants including:

Frederick L. Cottrell, III
Chad M. Shandler
Selena E. Molina
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Daralyn J. Durie
Joshua H. Lerner
Laura E. Miller
Timothy C. Saulsbury
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111

/s/ *Daniel J. Thomasch*
GIBSON, DUNN & CRUTCHER LLP
Daniel J. Thomasch
Joseph Evall
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000
DThomasch@gibsondunn.com
JEvall@gibsondunn.com